**In the Matter of a Grand Jury Subpoena Addressed to Charles AUSTIN.**

**No. 79 C 1311.**

United States District Court, E. D. New York.

June 1, 1979.

Simpson Thacher & Bartlett, New York City (Whitney North Seymour, Jr., Wesley N. Fach, Jr., New York City, of counsel), for Charles Austin and Manufacturers Hanover Trust Co.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Ronald G. Russo, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Charles Austin and Manufacturers Hanover Trust Company have moved for an order (1) quashing the subpoena addressed to Charles Austin directing him to appear before the grand jury and (2) directing the United States Attorney and his assistants not to interview any of the employees of Manufacturers Hanover Trust Company ("Manufacturers") without informing those employees that Manufacturers will arrange to have Simpson Thacher & Bartlett represent them if they so desire.

The court can find no basis for quashing the subpoena. While the United States Attorney in correspondence with Simpson Thacher & Bartlett expressed his concerns as to the propriety of counsel for Manufacturers representing its officers and employees, there is no application before the court to disqualify counsel and the propriety of their representation does not affect the validity of the subpoena.

The United States Attorney states that he has agreed not to conduct any informal interviews of those of Manufacturers' personnel who have personally requested Simpson Thacher & Bartlett to represent them without giving that firm an opportunity to be present. The United States Attorney has not agreed to refrain from interviewing, without notice to the firm, employees who have not asked the firm to represent them. The court finds no basis for directing the United States Attorney or his assistants to inform this latter class of employees that Manufacturers has arranged to have Simpson Thacher & Bartlett represent them in connection with their testimony in this matter.

The retention of an attorney must be done by agreement between the attorney and the client. Until an employee of Manufacturers agrees to be represented by an attorney there is no attorney-client relationship. The United States Attorney has no obligation to inform the employee of the readiness of the attorney to undertake the representation.

The motion is in all respects denied. So ordered.